UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.   _____ - CIV

|  |  |
|---|---|
| CAMERON IAN HUME | ) |
|  | ) |
|     Plaintiff | ) |
|  | ) |
| v. | ) |
|  | ) |
| DEBRA ROGERS, Director, Potomac Service | ) |
| Center, U.S. Citizenship and Immigration Services; | ) |
| KENNETH CUCCINELLI, Senior Official | ) |
| Performing the Duties of the Director, U.S. | ) |
| Citizenship and Immigration Services; | ) |
| CHAD WOLF, Acting Secretary of Homeland | ) |
| Security; | ) |
|  | ) |
|     Defendants | ) |
| _____ | ) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT**

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff, Cameron Ian Hume, by and through his undersigned counsel, files

the instant Complaint and states as follows:

INTRODUCTION

1.    This is an action seeking declaratory and injunctive relief from an

adverse agency action.

2.     Plaintiff challenges Defendants' arbitrary and unlawful decision to deny Plaintiff's Form I-765, Application for Employment Authorization, seeking Optional Practical Training (*i.e.*, a work permit) pursuant to 8 C.F.R. §§ 214.2(f)(10) and (11).  There is an actual controversy between the parties within this Court's jurisdiction as hereinafter more fully appears.

3.     The F-1 nonimmigrant visa category pertains to foreign nationals who wish to study in the United States.  Section 101(a)(15)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(F).

4.     A foreign national admitted to the United States in F-1 nonimmigrant status is eligible to obtain employment authorization (commonly referred to as "Optional Practical Training" or "OPT") for a period of one year following the successful completion of studies and attainment of the degree.  8 C.F.R. § 214.2(f)(10)(ii)(A)(3).

5.     In order to apply for OPT, the F-1 student must file Form I-765, Application for Employment Authorization, along with the $410.00 application cost and the necessary supporting documents with the United States Citizenship and Immigration Services ("USCIS") up to ninety (90) days prior to his or her program end date and no later than sixty (60) days after his or her program end

date.  8 C.F.R. § 214.2(f)(11)(i)(B)(2).  Upon receipt and acceptance, the USCIS

processes the Form I-765, and assuming that all supporting documents have been

submitted, the USCIS approves Form I-765 and mails the one-year employment

authorization (OPT) document (*i.e.*, work permit) to the F-1 student so that he or

she may commence employment.  8 C.F.R. § 214.2(f)(11).

6.     Obtaining OPT is exceedingly important for F-1 students because it

provides them with the unique opportunity to acquire hands-on work experience

directly related to their field(s) of study, which serves as a critical first step in the

development of their careers.  OPT also provides F-1 students with a strong

prospect for future long-term employment with the same U.S. employer or a

different U.S. employer by changing nonimmigrant status to a professional worker

nonimmigrant category (*e.g.,* H-1B) following the completion of OPT.

7.     Despite record evidence that Plaintiff demonstrated clear eligibility

for OPT, Defendants denied Plaintiff's Form I-765 in an arbitrary and capricious

manner.

8.     Defendants' decision is legally erroneous, and the rationale is contrary

to the controlling regulations.  This denial is yet another example of a recent

adjudicative approach by Defendants to find any reason - no matter how weak,

arbitrary or cruel – to deny legitimate immigration applications filed by qualified foreign nationals.

9.     Defendants' actions are arbitrary and capricious and contrary to law. Accordingly, the Court should vacate the denial and approve Plaintiff's Form I-765 application.

JURISDICTION

10.     This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.* and the APA, 5 U.S.C. § 701 *et seq.*  This Court has jurisdiction over the subject matter of this action pursuant to 8 U.S.C. § 1329, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346(a)(2) (actions against Officers of the United States).  This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. There exists between the parties an actual and justiciable controversy in which Plaintiff seeks declaratory and injunctive relief to protect his legal rights. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

PARTIES

11.     Plaintiff, Cameron Ian Hume, is a native and citizen of the United Kingdom who filed Form I-765, Application for Employment Authorization, seeking Optional Practical Training pursuant to 8 C.F.R. §§ 214.2(f)(10) and (11).

4

12.     Defendant, Debra Rogers, is an official of the United States Citizenship and Immigration Services ("USCIS") generally charged with supervisory authority over all operations of the Potomac Service Center of the USCIS.  Defendant, Debra Rogers, is the official who denied Plaintiff's Form I-765.  This action is brought against her in her official capacity.

13.     Defendant, Kenneth Cuccinelli, is the Senior Official performing the duties of the Director of the USCIS and is generally charged with the administration of the benefits governed by the INA.  INA § 103(c), 8 U.S.C. § 1103(c).  This action is brought against him in his official capacity.

14.     Defendant, Chad Wolf, is the Acting Secretary of the U.S. Department of Homeland Security.  The Secretary is generally charged with enforcement of the INA and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security. INA § 103(a), 8 U.S.C. § 1103(a).  Specifically, the Secretary is responsible for the adjudication and processing of immigration applications filed pursuant to 8 C.F.R. §§ 214.2(f)(10) and (11).  This action is brought against him in his official capacity.

15.     The USCIS is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

## VENUE

16.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where Plaintiff resides and is domiciled, as well as where a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

## EXHAUSTION OF REMEDIES

17.     The USCIS' July 6, 2020 denial of Plaintiff's Form I-765 constitutes a final agency action under the APA, 5 U.S.C. § 701, *et seq*. Neither the Immigration and Nationality Act nor the DHS regulations at 8 C.F.R. § 103.3(a) requires an administrative appeal of the denial, and in fact, an appeal is not permitted.[1] 8 C.F.R. § 214.2(f)(11)(iii)(C). Accordingly, Plaintiff has no administrative remedies to exhaust.

---

[1] While Plaintiff filed a timely Form I-290B, Motion to Reopen and Reconsider, with Defendants, said filing did not stay the finality of the denial of Form I-765. *See* 8 C.F.R. § 103.5(a)(iv) ("Unless the Service directs otherwise, the filing of a motion to reopen or reconsider or of a subsequent application or petition does not stay the execution of any decision in a case or extend a previously set departure date."). In any event, Defendants denied Plaintiff's Form I-290B on November 2, 2020.

LEGAL BACKGROUND

18.     The F-1 nonimmigrant visa category pertains to foreign nationals who wish to study in the United States.  Section 101(a)(15)(F) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(F).

19.     A foreign national admitted to the United States in F-1 nonimmigrant status is eligible to obtain employment authorization (*i.e.*, a one-year work permit commonly referred to as "Optional Practical Training" or "OPT") following the successful completion of studies and attainment of the degree.  8 C.F.R. § 214.2(f)(10)(ii)(A)(3).

20.     In order to apply for OPT, the F-1 student must file Form I-765, Application for Employment Authorization, along with the $410.00 application cost and the necessary supporting documents with the USCIS up to ninety (90) days prior to his or her program end date and no later than sixty (60) days after his or her program end date.  8 C.F.R. § 214.2(f)(11)(i)(B)(2).

21.     Upon receipt and acceptance, the USCIS processes the Form I-765, and assuming that all supporting documents have been submitted, the USCIS approves Form I-765 and mails the one-year employment authorization document (*i.e.*, work permit) to the F-1 student so that he or she may commence employment. 8 C.F.R. § 214.2(f)(11).

22.     Obtaining OPT is exceedingly important for F-1 students because it provides them with the unique opportunity to acquire hands-on work experience directly related to their field(s) of study, which serves as a critical first step in the development of their careers.   OPT also provides F-1 students with a strong prospect for future long-term employment with the same U.S. employer or a different U.S. employer by changing nonimmigrant status to a professional worker nonimmigrant category (*e.g.,* H-1B) following the completion of OPT.

## APPLICABLE LAW

5 U.S.C. § 703 is titled "*Form and Venue of Proceeding*" and provides:

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

5 U.S.C. § 706 is titled "*Scope of Review*" and provides:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall —— (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be —— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Section 101 of the Immigration and Nationality Act, 8 U.S.C. § 1101, is

titled "*Definitions*" and provides, in pertinent part:

(a)(15) The term "immigrant" means every alien except an alien who is within one of the following classes of nonimmigrant aliens –

(F) an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study consistent with section 1184(l) 1 of this title at an established college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in an accredited language training program in the United States, particularly designated by him and approved by the Attorney General after consultation with the Secretary of Education, which institution or place of study shall have agreed to report to the Attorney General the termination of attendance of each nonimmigrant student, and if any such institution of learning or place of study fails to make reports promptly the approval shall be withdrawn, (ii) the alien spouse and minor children of any alien described in clause (i) if accompanying or following to join such an alien, and (iii) an alien who is a national of Canada or Mexico, who maintains actual residence and place of abode in the country of nationality, who is described in clause (i) except that the alien's qualifications for and actual course of study may

be full or part-time, and who commutes to the United States institution or place of study from Canada or Mexico.

8 C.F.R. § 214.2(f)(10)(ii) is titled "*Optional practical training*" and

provides, in pertinent part:

>   (A) General. Consistent with the application and approval process in paragraph (f)(11) of this section, a student may apply to USCIS for authorization for temporary employment for optional practical training directly related to the student's major area of study. The student may not begin optional practical training until the date indicated on his or her employment authorization document, Form I-766. A student may be granted authorization to engage in temporary employment for optional practical training:
>
>   … (3) After completion of the course of study, or, for a student in a bachelor's, master's, or doctoral degree program, after completion of all course requirements for the degree (excluding thesis or equivalent). Continued enrollment, for the schools' administrative purposes, after all requirements for the degree have been met does not preclude eligibility for optional practical training. A student must complete all practical training within a 14-month period following the completion of study, except that a 24-month extension pursuant to paragraph (f)(10)(ii)(C) of this section does not need to be completed within such 14-month period.

8 C.F.R. § 214.2(f)(11) is titled "*OPT application and approval process*"

and provides, in pertinent part:

>   (i) Student responsibilities. A student must initiate the OPT application process by requesting a recommendation for OPT from his or her DSO. Upon making the recommendation, the DSO will provide the student a signed Form I-20 indicating that recommendation.
>
>   (A) Applications for employment authorization. The student must properly file an Application for Employment Authorization, Form

10

> I-765 or successor form, with USCIS, accompanied by the required fee, and the supporting documents, as described in the form's instructions.
>
> (B)  Applications and filing deadlines for pre-completion OPT and post-completion OPT.
>
> … (2) Post-completion OPT. For post-completion OPT, not including a 24-month OPT extension under paragraph (f)(10)(ii)(C)(2) of this section, the student may properly file his or her Form I-765 or successor form up to 90 days prior to his or her program end date and no later than 60 days after his or her program end date. The student must also file his or her Form I-765 or successor form with USCIS within 30 days of the date the DSO enters the recommendation for OPT into his or her SEVIS record. CFR 214.2(f)(11)(iii)(B)

8 C.F.R. § 214.2(f)(11)(iii) is titled "*Decision on application for OPT employment authorization*" and provides, in pertinent part:

> (B)  USCIS will notify the applicant of the decision on the Form I-765 or successor form in writing, and, if the application is denied, of the reason or reasons for the denial."
>
> (C)  **The applicant may not appeal the decision**.  (*emphasis added*)

8 C.F.R. § 103.2(a)(2) is titled "Signature" and provides:

> An applicant or petitioner must sign his or her benefit request. However, a parent or legal guardian may sign for a person who is less than 14 years old. A legal guardian may sign for a mentally incompetent person. By signing the benefit request, the applicant or petitioner, or parent or guardian certifies under penalty of perjury that the benefit request, and all evidence submitted with it, either at the time of filing or thereafter, is true and correct. Unless otherwise specified in this chapter, an acceptable signature on a benefit request that is being filed with the USCIS is one that is either handwritten or, for benefit requests filed electronically as permitted by the instructions to the form, in electronic format. (*emphasis added*)

8 C.F.R. § 103.2(b)(7) is titled "*Benefit requests submitted*" and provides:

(i)  USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.

(ii)  A benefit request which is rejected will not retain a filing date. A benefit request **will be rejected** (*emphasis added*) if it is not:
   (A) **Signed with valid signature** (*emphasis added*);
   (B) Executed;
   (C) Filed in compliance with the regulations governing the filing of this specific application, petition, form, or request; and
   (D) Submitted with the correct fee(s). If a check or other financial instrument used to pay a fee is returned as unpayable, USCIS will re-submit the payment to the remitter institution one time. If the instrument used to pay a fee is returned as unpayable a second time, the filing will be rejected and a charge will be imposed in accordance with 8 CFR 103.7(a)(2).

(iii)  A rejection of a filing with USCIS may not be appealed.

## FACTUAL ALLEGATIONS

23.     Plaintiff, Cameron Ian Hume, is a native and citizen of the United Kingdom who has been residing in the United States in F-1 (student) nonimmigrant status since July 30, 2014.   *See* exhibit A, which comprises Plaintiff's passport biographic page and his F-1 nonimmigrant visas.

24.     On December 15, 2018, Plaintiff graduated from the Florida Institute of Technology with a Bachelor of Science in Aerospace Engineering and a Bachelor of Science in Mechanical Engineering.   *See* exhibit B, which comprises Plaintiff's diplomas for both bachelor's degrees.

25.     On May 9, 2020, Plaintiff graduated from the Florida Institute of Technology with a Master of Science in Mechanical Engineering.  *See* exhibit C, which comprises Plaintiff's master's diploma.

26.     On May 1, 2020, Plaintiff filed his timely Form I-765, Application for Employment Authorization, with the USCIS seeking Optional Practical Training pursuant to 8 C.F.R. §§ 214.2(f)(10) and (11).  *See* exhibit D, which comprises official notice from the USCIS confirming receipt and acceptance of Plaintiff's Form I-765; *see also* exhibit E, which comprises Plaintiff's Form I-765.

27.     On July 6, 2020, the USCIS denied Plaintiff's Form I-765.  *See* exhibit F, which comprises the Form I-765 denial notice.  The decision states, in pertinent part:

> Section 103(a) of the INA establishes authority to administer the immigration and nationality laws of the United States.  The regulations at 8 C.F.R. § 103.2(a)(2) prescribe the requirements for signatures on filing:
>
> > Signature. An applicant or petitioner must sign his or her benefit request.  However, a parent or legal guardian may sign for a person who is less than 14 years old.  A legal guardian may sign for a mentally incompetent person.  By signing the benefit request, the applicant or petitioner, or parent or guardian certifies under penalty of perjury that the benefit request, and all evidence submitted with it, either at the time of filing or thereafter, is true and correct.  Unless otherwise specified in this chapter, an acceptable signature on a benefit request that is being filed with the USCIS is one that is either handwritten or, for benefit requests filed electronically as permitted by the instructions to the form, in electronic format.

A valid signature consists of any handwritten mark or sign made by an individual, and does not include signatures created by a typewriter, word processor, stamp, auto-pen, or similar device. USCIS additionally provides guidance on when and with what supporting documentation an individual may sign on behalf of another individual. An individual may sign on behalf of another individual if he or she:

1. is the parent of legal guardian of a child under age 14,
2. is the legal guardian of a mentally incompetent adult, or
3. has durable power of attorney for an incapacitated individual.

The form you submitted consists of an auto-pen signature as a prescribed by the regulation stated above.

For this reason, your application must be and is hereby denied.

28.     On August 4, 2020, Plaintiff filed his timely Form I-290B, Motion to Reopen and Reconsider, with the USCIS. *See* exhibit G, which comprises the USCIS receipt notice regarding Form I-290B; *see also* composite exhibit H, which comprises Plaintiff's Form I-290B and supporting documents.

29.     On November 2, 2020, Defendants dismissed Plaintiff's Form I-290B for essentially the same reasons at the initial denial of Form I-765. *See* exhibit I, which comprises the Form I-290B denial decision.

30.     The USCIS' decision violates the pertinent regulations and evidences a callous disregard regarding the irreparable damage that it has caused to Plaintiff.

31.     The decision to deny Plaintiff's Form I-765 for Optional Practical Training (OPT) is basely <u>solely</u> on the fact that Plaintiff did not provide a "valid

signature" as defined by 8 C.F.R. § 103.2(a)(2).  Specifically, Plaintiff signed Form I-765 via auto-pen, instead of a handwritten signature.  *See* exhibit E at page 4, item 7.a.

32.    Plaintiff filed Form I-765 in a timely manner on May 1, 2020, and the USCIS accepted Plaintiff's Form I-765 for processing despite Plaintiff having signed Form I-765 via auto-pen.  Instead of rejecting[2] Plaintiff's Form I-765 – <u>as explicitly mandated by 8 C.F.R. § 103.2(b)(7)(ii)(A)</u> - because it was not signed with a valid signature, the USCIS accepted the application, and proceeded to deny it on July 6, 2020, **<u>two (2) months later</u>**.  Had the USCIS properly rejected (*i.e.*, mailed back) Form I-765 at the time of submission on May 1, 2020, Plaintiff would have had ample opportunity to resubmit his Form I-765 with a valid signature well within sixty (60) days of his program end date as required to by 8 C.F.R. § 214.2(f)(11)(i)(B)(2).[3]

---

[2] USCIS routinely rejects immigration applications for ministerial reasons, including improper signatures or the submission of incorrect application costs. USCIS simply returns the applications by mail with instructions that the filer correct the error and resubmit the application properly so that USCIS can accept the application and issue an official receipt notice.  The USCIS failed to do this in Plaintiff's case.

[3] As Plaintiff's program end date was May 9, 2020, he had until July 8, 2020 (*i.e.*, sixty (60) days from May 9, 2020) to submit his Form I-765.

33.     While the USCIS could have easily rectified its erroneous acceptance of Plaintiff's Form I-765 by issuing a Request for Evidence or Notice of Intent to Deny to afford Plaintiff an opportunity to remedy the harmless oversight by providing a properly signed Form I-765 signature page, it did not do so.  Instead of doing the proverbial "right thing," the USCIS chose to summarily deny the application, which demonstrates the capricious, if not malicious, nature of the USCIS' decision.

34.     The USCIS' denial has severely damaged Plaintiff's career objectives and plans.  As evidence of his academic achievements and in support of his Form I-290B, Plaintiff provided a letter dated July 28, 2020 from Dr. Hector Gutierrez, Professor at the Department of Mechanical and Aerospace Engineering at the Florida Institute of Technology, stating that Plaintiff worked for him as a Graduate Research Assistant at the Aerospace Systems and Propulsion Lab at Florida Tech and also served in his Master's Degree thesis committee; that both experiences have given Dr. Gutierrez ample opportunity to get to know Plaintiff's technical skills and work ethic; that Plaintiff's thesis entailed the design, analysis, fabrication, assembly and demonstration of a novel linear motion stage for testing of spacecraft fuel tanks; that Plaintiff did a terrific job, well beyond expectations; that Plaintiff showed great dedication, strong work ethic, and an ability to rise to

the challenges he faced; that Plaintiff works very well in a team, is reliable, dedicated and liked by his peers; that Plaintiff is always pleasant and carries every aspect of his work to a very high standard; that Plaintiff has been a great asset to the Laboratory, and he is not only very intelligent but also thoughtful, critical and focused; that he is autonomous, well organized, thorough, competent, creative, and did not stop until the task asked from him was completed; that Plaintiff has demonstrated a capacity to work proficiently across different aspects of engineering, including conception, analysis, design, fabrication and testing; that the final product of Plaintiff's work has been beyond expectations for a typical graduate research assistant; that his professional maturity is comparable to that of an engineer with several years of industrial experience; and that Plaintiff is at the top 2% of the many engineering students from Europe and the USA that Dr. Gutierrez has supervised. *See* composite exhibit H.

## CLAIM FOR RELIEF
(Violation of the Administrative Procedures Act)

35.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 inclusive.

36.    A reviewing court shall "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in

accordance with law." 5 U.S.C. § 706(2)(A).

37.     Defendants' denied Plaintiff's timely-filed Form I-765 <u>solely</u> because he signed Form I-765 via auto-pen, which is not a "valid signature" as defined by 8 C.F.R. § 103.2(a)(2).

38.     Instead of rejecting (*i.e.*, mailing back) Plaintiff's Form I-765 (and the $410.00 application cost) as explicitly mandated by 8 C.F.R. § 103.2(b)(7)(ii)(A), Defendants accepted Plaintiff's Form I-765 along with the $410.00 application cost, sat on the application, and then denied the application **two (2) months later**.

39.     Had the Defendants properly rejected Form I-765 at the time of submission,  as required by 8 C.F.R. § 103.2(b)(7)(ii)(A), Plaintiff would have had ample opportunity to resubmit his Form I-765 with a valid signature well within 60 days of his program end date as required to by 8 C.F.R. § 214.2(f)(11)(i)(B)(2).

40.     Defendants violated their own regulations and acted arbitrarily, capriciously, and contrary to the law in violation of the APA by improperly accepting Plaintiffs' Form I-765 and the $410.00 application cost, failing to act on the application for two (2) months, and then summarily denying the application, all of which have caused Plaintiff irreparable damage.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

(a)     Declare Defendants' denial of Plaintiff's Form I-765 is arbitrary and capricious and not in accordance with law, in violation of the APA.  5 U.S.C. § 706(2)(A);

(b)     Vacate the denial of Form I-765 and remand this matter to Defendants with instructions to approve Plaintiff's Form I-765 within ten (10) days of the date of the Court's Order;

(c)     Issue a temporary restraining order and an injunction postponing the effectiveness of Defendants' decision denying Plaintiff's Form I-765 retroactively as of July 6, 2020, the date the decision was made;

(d)     Issue a temporary restraining order and an injunction tolling retroactively both any period of unlawful presence that Plaintiff may have accrued as of July 6, 2020,[4] as well as any violation of nonimmigrant status that Plaintiff may have incurred as of July 6, 2020,[5] pending a final disposition of the instant case;

---

[4] Plaintiff maintains that he has not commenced accruing any period of unlawful presence in the U.S.
[5] Plaintiff maintains that he has not violated his nonimmigrant status in the U.S.

(e)     Retain jurisdiction over the instant case until Defendants fully comply with all statutory and regulatory requirements with respect to the processing and adjudication of Plaintiff's Form I-765;

(f)     Grant Attorneys' fees and court costs to Plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

(g)     Grant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

s/Anis N. Saleh
Anis N. Saleh
(Florida Bar #0946176)
Saleh & Associates, P.A.
147 Sevilla Avenue
Coral Gables, Florida 33134
Tel (305) 448-0077
Fax (305) 442-0444
Email: *asaleh@salehlaw.com*
Attorney for Plaintiff

# LIST OF ATTACHMENTS

<u>Exhibit</u>

A.   Biographic page from the United Kingdom passport of Plaintiff and his  F-1 nonimmigrant visas.

B.   Diplomas from the Florida Institute of Technology indicating that Plaintiff was awarded a Bachelor of Science in Aerospace Engineering and a Bachelor of Science in Mechanical Engineering.

C.   Diploma from the Florida Institute of Technology indicating that Plaintiff was awarded a Master of Science in Mechanical Engineering.

D.   Receipt Notice from USCIS confirming receipt and acceptance of Plaintiff's Form I-765.

E.   Form I-765 filed by Plaintiff.

F.   Denial Notice from USCIS regarding Plaintiff's Form I-765.

G.   Receipt notice from USCIS confirming receipt and acceptance of Plaintiff's Form I-290B.

H.   Form I-290B and supporting documents filed by Plaintiff.

I.   Denial Notice from USCIS regarding Plaintiff's Form I-290B.